No. 378
KANE vs. STATE

Ohio Appeals, 7th Dist., Mahoning Co.
Decided Oct. 10, 1924.

333. CRIMINAL LAW—

1. Accused in criminal trial not entitled to see confession under 5290 G. C.

2. Prosecutor may state nature of offense to jurors on voir doir to determine their knowledge of case.

3. Court may but is not required to charge jury before argument.

4. Juror leaving jury room for a moment to move his automobile not misconduct.

5. Failure to go into detail in defining "reasonable doubt" held not prejudical.

611 HOMICIDE—Jury having found deliberation and premeditation in homicide case failure to define effects of intoxication upon murder held not prejudicial.

ROBERTS, J.

Kane was indicted for murder. Paul Prologo, a boy of six years, was found dead in the bushes along a street in Youngstown. The boy was last seen with Kane. Later Kane went to the police station and entered a confession of the killing, which was witnessed by several policemen. In the afternoon of the day following he was taken to the office of the prosecuting attorney for further examination. During the pendency of the action a motion was filed by defendant asking for a court order demanding an inspection and a copy of all statements alleged to have been made by the defendant in connection with the killing of the Prologo boy. The court overruled this motion. At the trial the defendant objected to the introduction of this statement in evidence upon the ground that it had not been produced. In the examination of the prospective jurors the prosecuting attorney briefly stated the nature of the alleged offense and that sodomy had been attempted. After the case was submitted to the jury one of the jurors was permitted to withdraw himself from the others and to leave the jury room to move his automobile. After the accused was convicted the Court of Appeals affirming conviction, held:

1. 5290 GC. applies only to civil cases and not to criminal cases. While a confession properly taken would be competent evidence on the part of the state, it was not evidence which could be introduced in the trial on the part of a defendant, and an inspection or copy would add nothing to the information which he already plossessed. Therefore no error was committed by the court's refusal to permit the plaintiff to examine the confession.

2. In the examination of prospective jur-

ors the state has a right to state the nature of an alleged offense and who was claimed to be connected therewith in order to ascertain whether the jurors knew or had read about the occurrence.

3. Under 13675 G C the court is authorized but not required, at the conclusion of the evidence, upon the request of the state or of the accused to charge the jury before argument upon the points of law required and pertinent to the case.

4. The phrase "reasonable doubt" is a term that any jury of ordinary intelligence can understand. Therefore, any attempt by the court to define this term is not erroneous merely because it does not go into detail.

5. While the court did not properly define the various effects of intoxication upon murder, yet the jury found deliberation and premeditation, and presumably did not consider other grades of homicide; consequently, the jury, not having reached the other degrees of murder, any error of the court in charging on this subject was not prejudicial to the defendant.

6. While one of the jurors momentairly left the jury room, the defendant was not prejudiced thereby for the reason that it was conclusively shown that the juror had no opportunity of talking to anyone.

Attorneys—J. H. Leighninger, Max C. Brunswick and W. A. Malin, for Kane; H. H. Hull, for state; all of Youngstown.